UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARY J. COSGROVE,                                    CASE NO. 21-10379

        *Plaintiff*,                                   HON. THOMAS L. LUDINGTON
*v.*                                                  DISTRICT JUDGE

KEVIN PETTIGREW,                                     HON. PATRICIA T. MORRIS
DWAYNE SAYLOR,                                       MAGISTRATE JUDGE
KATHLEEN MCGUCKIN,
TIA LANG,
TAYLOR WALTER,
SAMUEL WELLS,
KURT YERRICK,
and AMBER CURRY,

        *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) I have screened the complaint under 28 U.S.C. § 1915(e)(2)(B). For the following reasons, I conclude that any official capacity claims should be dismissed and that Plaintiff should be allowed to amend his complaint to clarify which defendant committed what action that is alleged to have occurred at the county jail or to risk that the claims against Defendants McGuckin, Lang, Walter, Wells, Yerrick, and Curry be dismissed for failure to state proper claims against them.

## II.    <u>REPORT</u>

### A.    **Background**

*Pro se* Plaintiff Cary J. Cosgrove filed a complaint against eight Defendants alleging violations of the following: "fourth amendment, Use of force, Cruel unusual punishment, eight amendment, Freedom of speech 1st amendment penal code 118.1 pc false report."[1] (ECF No. 1, PageID.2–5.) Plaintiff alleges that on May 17, 2019, Defendants Pettigrew and Saylor, both police officers, were dispatched to 514 ½ E. Exchange St. where Plaintiff was located. (ECF No. 1, PageID.7.) Plaintiff wanted to give a police report following an alleged assault upon him and his cousin at a bar. (*Id.*) Defendants Pettigrew and Saylor refused to take the police report, and they arrested Plaintiff. (*Id.*) Plaintiff further states that these Defendants beat Plaintiff and caused "swelling in his kneck bruising on his legs arms wrist that lasted for several weeks." (*Id.*) (sic.) Plaintiff further states these Defendants "proceededed to assult plaintiff choke plaintiff out apply use of force causing severe bruising all of plaintiff body as well plaintiff was transported illegally no seat belt at the time of transport as well subjected to wrecless driving.ect" (*Id.*) (sic.)

Plaintiff further states that at the county jail, "the rest of the defendants from the county jail" subjected Plaintiff to an illegal attempt to obtain a breathalyzer, being held in

---

[1] It appears that "penal code 118.1 pc false report" is a reference to CAL. PENAL CODE § 118.1, which states
Every peace officer who files any report with the agency which employs him or her regarding the commission of any crime or any investigation of any crime, if he or she knowingly and intentionally makes any statement regarding any material matter in the report which the officer knows to be false, whether or not the statement is certified or otherwise expressly reported as true, is guilty of filing a false report punishable by imprisonment in the county jail for up to one year, or in the state prison for one, two, or three years. This section shall not apply to the contents of any statement which the peace officer attributes in the report to any other person.

a detox tank, a prohibition from making calls, provocation, placement in a restraint chair for 65 minutes, sleeping on a concrete slab, the use of a taser on him to provoke him, and an attempted strip search. (*Id*.)

### B.    Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court can *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The

complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

### C.    Law and Analysis

Although not specifically cited, Plaintiff's constitutional claims are channeled through 42 U.S.C. § 1983. *See Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) ("[W]e have long held that § 1983 provides the exclusive remedy for constitutional violations."). To prevail under § 1983, a plaintiff must demonstrate facts showing (1) the conduct about which he or she complains was committed by a person acting under color of state law, and (2) the conduct deprived him or her of a federal constitutional or statutory right. In addition, a plaintiff must allege that he or she suffered a specific injury because of the conduct of a particular defendant and must allege an affirmative link between the injury and that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2).  In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Here, Plaintiff does not identify the capacity—either individual or official—of the Defendants. Plaintiff seeks over $75,000 in money damages. (ECF No. 1, PageID.6.) A lawsuit "against a governmental officer 'in his official capacity' is the same as a suit against the entity of which the officer is an agent" and is prohibited by the Eleventh Amendment. *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (internal quotations and citations omitted). The instant Defendants work for one of the political subdivisions of the State; thus, suing these employees in their official capacities is the same as suing the State of Michigan. *Newman v. Hissong*, 2020 WL 6092516, at *5 (E.D. Mich. Aug. 12, 2020). Therefore, any official capacity claims are barred by the Eleventh Amendment and should be dismissed.

Plaintiff's allegations of excessive force under the Fourth (or Fourteenth since he appeared to be a pretrial detainee) Amendment as to Defendants Pettigrew and Saylor and Eighth Amendment cruel and unusual punishment against the remaining Defendants based on his treatment and the conditions at the county jail. Although Plaintiff identified the Defendants that worked in the jail where the events are alleged to have taken place, he has not properly identified which Defendant took what action. Under §1983, "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). Plaintiff's description of the alleged events is detailed as to what happened to him, but without identifying who is culpable for these actions, it fails to properly state a claim. Since Plaintiff may be able to correct this flaw by

further explanation, I recommend the Plaintiff be given time to amend his complaint or to risk that the claims against the Defendants other than Pettigrew and Saylor be dismissed.

**D.   Conclusion**

For the reasons stated above, I recommend that this Court *sua sponte* dismiss any claims made against the Defendants in their official capacity and that the court allow Plaintiff to amend his complaint to explain which Defendant is alleged to have taken what action while he was incarcerated in the county jail.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 3, 2021                                    S/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge