UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARY J. COSGROVE,

        Plaintiff,                        Case. No. 1:21-CV-10379

v.                                                  Honorable Thomas L. Ludington
                                                      Magistrate Judge Patricia T. Morris

KEVIN PETTIGREW, et al.,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S OFFICIAL CAPACITY CLAIMS, AND PERMITTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

This matter is before the Court pursuant to Magistrate Judge Patricia Morris' Report and Recommendation. ECF No. 6. On January 27, 2021, Plaintiff Cary J. Cosgrove filed a pro se complaint against Defendants Kevin Pettigrew, Dwayne Saylor, Kathleen McGuckin, Tia Lang, Taylor Walter, Samuel Wells, Kurt Yerrick, and Amber Curry. ECF No. 1. Defendant applied for and was subsequently granted leave to proceed without prepaying fees and costs. ECF Nos. 2, 5. All pretrial matters were referred to Magistrate Judge Morris. ECF No. 4. Magistrate Judge Morris subsequently screened the Complaint under 28 U.S.C. § 1915(e)(2)(B) and, on March 3, 2021, issued her Report and Recommendation, recommending that Plaintiff's official capacity claims be dismissed, and that Plaintiff be permitted to file an amended complaint. ECF No. 6.

In the Report and Recommendation, Magistrate Judge Morris provides the following background on the case:

> Pro se Plaintiff Cary J. Cosgrove filed a complaint against eight Defendants alleging violations of the following: "fourth amendment, Use of force, Cruel unusual punishment, eight amendment, Freedom of speech 1st amendment penal code 118.1 pc false report." (ECF No. 1, PageID.2–5.) Plaintiff alleges that on May 17, 2019, Defendants Pettigrew and Saylor, both police officers, were dispatched

> to 514 ½ E. Exchange St. where Plaintiff was located. (ECF No. 1, PageID.7.) Plaintiff wanted to give a police report following an alleged assault upon him and his cousin at a bar. (*Id.*) Defendants Pettigrew and Saylor refused to take the police report, and they arrested Plaintiff. (*Id.*) Plaintiff further states that these Defendants beat Plaintiff and caused "swelling in his kneck bruising on his legs arms wrist that lasted for several weeks." (*Id.*) (sic.) Plaintiff further states these Defendants "proceededed to assult plaintiff choke plaintiff out apply use of force causing severe bruising all of plaintiff body as well plaintiff was transported illegally no seat belt at the time of transport as well subjected to wreckless driving.ect" (*Id.*) (sic.)
>
> Plaintiff further states that at the county jail, "the rest of the defendants from the county jail" subjected Plaintiff to an illegal attempt to obtain a breathalyzer, being held in a detox tank, a prohibition from making calls, provocation, placement in a restraint chair for 65 minutes, sleeping on a concrete slab, the use of a taser on him to provoke him, and an attempted strip search. (*Id.*)

ECF No. 6 at PageID.19–20 (footnotes omitted). Magistrate Judge Morris explained that while Plaintiff did not specify whether Defendants were being sued in their individual or official capacities, "any official capacity claims are barred by the Eleventh Amendment and should be dismissed." *Id.* at PageID.22. With respect to Plaintiff's remaining claims, Magistrate Judge Morris found that the Complaint was sufficient with respect to Defendants Pettigrew and Saylor but insufficient with respect to the remaining Defendants. *Id.* Specifically, she found that the Complaint did not adequately identify which of these other Defendants were responsible for what actions. *Id.* Nonetheless, Magistrate Judge Morris noted that Plaintiff "may be able to correct this flaw by further explanation," so she recommended that Plaintiff be permitted to amend his complaint. *Id.* at PageID.22–23.

Although the Report and Recommendation states that the parties could object to and seek review of the recommendation within 14 days of service, neither party timely filed any objections. The election not to file objections to the Report and Recommendation releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal. *Id.*

- 3 -

Accordingly, it is **ORDERED** that Magistrate Judge Morris' Report and Recommendation, ECF No. 6, is **ADOPTED**.

It is further **ORDERED** that any official capacity claims alleged in the Complaint, ECF No. 1, are **DISMISSED**.

It is further **ORDERED** that Plaintiff may file an amended complaint **on or before April 20, 2021**. Plaintiff's amended complaint must specify which Defendants are responsible for what actions. If Plaintiff does not file an amended complaint as specified herein, his claims against all Defendants other than Defendants Pettigrew and Saylor will be dismissed.

Dated: April 9, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge